Duffy's Administrator *v.* O'Conner.

PETER S. DUFFY'S Adm'r *v.* JAMES O'CONNER.

BILLS AND NOTES. *Endorsement. Demand. Notice. Waiver.* "For value received I assign the within note, on condition that the property of the maker and endorsers be exhausted before recourse on me." The above assignment of a promissory note by an endorsee of the same does not dispense with the necessity of demand and notice on the part of a subsequent holder in order to make him liable.

FROM MADISON.

Appeal from the Circuit Court.     G. B. BLACK, Judge.

HUMES, BRIGHT & BLAIR for complainant.

CAMPBELL & MCCORRY for defendants.

DEADERICK, J., delivered the opinion of the Court.

This is an action of assumpsit from the Circuit Court of Madison county. The suit was begun on the 4th of May, 1871, against defendant as endorser of a promissory note, drawn by John W. Campbell on the 1st of January, 1859, and payable, one day after date, to J. & T. Murrell or order, for $755.50. Murrells, on the 25th of April, 1862, by the following endorsement, transferred the note to defendant: "For value received, we assign the within note to James O'Conner, waiving demand and notice; the maker of the note to be exhausted before suing the endorsers."

On the 23d of June, 1863, defendant assigned the note to W. H. Slater by the following endorsement: "For value received, I assign the within note to W. H. Slater, on condition that the property of the maker and endorsers be exhausted before recourse on me."

And on the 5th of August, 1865, Slater assigned to plaintiff, "on condition that the maker and endorsers be exhausted before recourse" on him.

Defendant put in the plea of non-assumpsit and six other pleas. On the first plea issue was taken. Replications were filed to the others, and demurrers to the replications, which were sustained, and issues made upon the pleas. Verdict and judgment were for the defendant, and plaintiff has appealed in error to this court.

It is unnecessary to notice in detail the voluminous pleadings which resulted in making up two material issues.

1. As to the necessity and fact of demand and notice.

2. Whether it was necessary to the plaintiff's right of recovery that he should exhaust his remedies against the maker and prior endorsers to defendant, by suit prosecuted to judgment, and the return of *nulla bona* upon execution issued and returned.

If both these issues are in favor of plaintiff, he may recover. If either is against him, it is conclusive against his right to recover in this action.

The first question involves the construction of the endorsement by defendant. Plaintiff maintains that it was, in fact and legal effect, an absolute guaranty of

the payment of the note, if, on the exhaustion of the property of the maker and prior endorser, it is not paid, and that no demand or notice of non-payment is required to be made or given. And having, at the earliest term practicable after the close of the late civil war, prosecuted his suit to judgment, and return of execution endorsed *nulla bona,* against the drawer, and offering to prove the insolvency of the endorsers, he insists that he was entitled to a verdict against defendant, and that the court erred in holding that there should have been demand of the maker and notice to defendant of the non-payment of the note, and also on excluding the evidence of the insolvency of the first endorsers.

If the endorsement in this case does not, by its terms, waive the necessity of demand and notice, then, in order to charge the endorser, it should appear that the demand was made within a reasonable time after such endorsement and notice thereof given to the endorser. That the note was overdue, does not excuse the holder from making such demand and giving notice thereof. 1 Parson on Bills and notes, 381.

In this case no notice was in fact given, nor demand made; and the question is, did the Circuit Judge correctly construe the endorsement as not waiving demand and notice? We think he did. There is no express waiver, nor do we think that there is in the language of the endorsement anything which can be construed as dispensing with what the law requires should be done in order to hold the endorser liable. It stipulates that all the property of the

Duffy's Administrator *v.* O'Conner.

maker and endorsers should be exhausted before recourse could be had on him. Without this stipulation the holder might, on making demand and giving notice, have had recourse on the endorser, and have sued him in the first instance; but this stipulation had the effect, and was intended to have the effect, only of compelling the holder to exhaust his remedies against the maker and endorsers in the first instance, and before he could even attempt to enforce payment out of defendant. It was not intended to relieve the holder or plaintiff from the necessity of doing what was essential to fix defendants' liability, nor to impose upon defendant obligations not expressly, or by implication, assumed by him.

This view of the first proposition is conclusive against plaintiff's right to recover, and makes it unnecessary to discuss the other question, as to whether the exhaustion of the property of the maker and endorsers should not be shown by judgment and execution issued and returned *nulla bona.*

We think the verdict was correct, and affirm the judgment.